Richard Lyons (SBN 020558)
Jason M. Kelly (SBN 020525)
**KELLY & LYONS, PLLC**
5020 E. Shea Blvd., Ste. 150
Scottsdale, Arizona 85254
Phone: (480) 867-3410
Fax: (480) 867-3411
Attorney e-mail:   rlyons@kellylyonslaw.com
                   jkelly@kellylyonslaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Elaine Lewis, on behalf of herself and on behalf of the statutory beneficiaries of Riley Lewis,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PATROL,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

## **COMPLAINT**

By and through undersigned counsel, Plaintiff Elaine Lewis, on behalf of herself and on behalf of the statutory beneficiaries of Riley Lewis brings this action against Defendant U.S. Customs and Border Protection ("CBP") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and

release of agency records improperly withheld by Defendant CBP in response to FOIA requests properly made by Plaintiff.

2. On June 23, 2020 Plaintiff submitted a FOIA request (the "Request) to Defendant seeking records related to a fatal automobile accident on March 28, 2020. A copy of the Request is attached hereto as Exhibit A. Plaintiff seeks the requested records in order to shed light on the facts, background and policies that resulted in the tragic loss of her daughter.

3. To date, Defendant has not responded to Plaintiff's Request.

## PARTIES, JURISDICTION AND VENUE

4. At all times relevant, Plaintiff was a resident of Wyoming, and all acts or omissions complained of herein occurred within Yuma County, Arizona, thus venue is proper in the U.S. District Court of Arizona.

5. Defendant CBP is an agency of the United States Government with its Arizona Field Office located in Tuscon, Arizona and having Ports of Entry located throughout the State. The CBP has possession, custody, and control of records to which Plaintiff seeks access.

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

8. Defendant has failed to respond to Plaintiffs' Request within the statutory time limit, such that Plaintiff is deemed to have exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL ALLEGATIONS

9. On March 28, 2020, a Border Patrol agent executed a Pursuit Intervention Technique ("P.I.T.") maneuver at approximately 85 miles per hour eastbound on I-8 at approximately mile post 25. As a result, the occupants of the civilian vehicle

died.

10. On June 23, 2020 Plaintiff submitted a FOIA request to the CBP, ("Exhibit A"), seeking the production of:

   a. All accident reports, investigative reports, criminal investigation reports and/or other materials, photographs, body and/or vehicle camera footage, records and/or transcripts and/or recordings of radio transmissions related to the accident, personnel files for the agents involved in the collision (including but not limited to agents Batista, Buchanan, and Baldwin);

   b. Policy manuals, guides, protocols and/or other training materials for the use in high speed chases and/or P.I.T. maneuvers; and

   c. All training materials given to, or otherwise applicable to, the agent(s) involved in the March 28, 2020 incident regarding high speed chases and the safe use of P.I.T. maneuvers.

11. A true and correct copy of the June 23, 2020 request is attached as Exhibit A.

12. By letter dated June 30, 2020, CBP acknowledged receipt of Plaintiff's FOIA request on June 23,2020 and assigned it Reference Number CBP-2020-061700.

13. A true and correct copy of that letter is attached hereto as Exhibit B.

14. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), CBP was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

15. The Defendant CBP's determination regarding Plaintiff's FOIA request was due by July 21, 2020 at the latest.

16. In an effort to compel and expedite compliance with the June 23, 2020 Request, Plaintiff wrote a letter to CBP on December 30, 2020 advising that pursuant to 5 U.S.C. § 552(a)(6)(C)(i) a request can be considered denied for purposes of administrative appeal if it was not decided within the time limits. Plaintiff thereby

exercised its right to appeal the agency's decision (in this case, the failure to respond) and asked the agency to make a determination within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii).

17. A true and correct copy of this letter is attached hereto as Exhibit C.

18. On January 29, 2021, CBP responded to Plaintiff's letter by closing the appeal with a final disposition of "completely reversed/remanded". No further information, contacts or timeframes were provided.

19. A true and correct copy of this response is attached hereto as Exhibit D.

20. As of the date of this complaint, the CBP has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

21. The failure of Defendant CBP to produce the documents requested by Plaintiffs violates the FOIA and impeded Plaintiff's ability to actively participate in victim advocacy with the Yuma County Attorneys Office and to further investigate the cause of Riley Lewis' death.

22. Further, Defendant CBP wrongfully withholding the requested records unreasonably impedes Plaintiff from pursuing any wrongful death remedies as may be permitted by law within the applicable two year statute of limitations – eight months of which have been spent simply trying to obtain the necessary records.

23. Upon information and belief, Defendant CBP is in possession and has control over the records sought by Plaintiff and has failed to make reasonable efforts to search for records responsive to Plaintiff's request.

24. Because the CBP has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative

remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CAUSE OF ACTION

### Violation of FOIA, 5 U.S.C. § 552

25. Plaintiff incorporates each and every allegation above as if fully set forth herein.
26. Defendant is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it claims an exemption, under 5 U.S.C. § 552(a)(3).
27. Defendant has failed to make a reasonable effort to search for records sought by the Request, and that failure violates FOIA, 5 U.S.C. § 552(a)(3), and Defendant's corresponding regulations.
28. Defendant has failed to promptly make available the records sought by the Request, and that failure violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendant's corresponding regulations.
29. Defendant has failed to process Plaintiff's Request as soon as practicable, and that failure violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendant's regulations.
30. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the requirements of the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that judgment be entered in their favor, against the Defendant, as follows:

    A.    Order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed

search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

B. Order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; and

D. For costs and attorneys' fees incurred in this civil action pursuant to 5 U.S.C. §552(a)(4)(E), together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 23rd day of April, 2021.

**KELLY & LYONS, PLLC**

By: _/s/ Richard D. Lyons_
 Richard D. Lyons, Esq.
 Jason M. Kelly, Esq.
 *Attorneys for Plaintiffs*